Stewart, Judge,
concurring in part and dissenting in part.
{¶ 75} I concur in the decision to affirm Annable’s conviction for practicing medicine without a license. However, I would vacate the theft conviction. The issue of refunds from Annable is a contract matter, not a criminal matter.
{¶ 76} In Orange Village v. Woolfolk (Oct. 5, 2000), 8th Dist. No. 77451, 2000 WL 1474506, this court considered an analogous case in which a city brought charges against a, private snow-plow operator who took money in advance of the winter season but failed to render those services. The city charged Woolfolk with theft by deception and obtained a conviction, but this court vacated the conviction stating: “Simply put, this is a contract, not a criminal case. The civil law provides adequate remedies for breached contracts * * Id. at 4.
{¶ 77} It is uncontested that Annable performed procedures on the named theft victims. They thus received in part what they paid for, even if those services were not rendered by a licensed medical doctor. This is not a case where Annable took the money and ran without performing any services whatsoever. The victims may not have received entirely what they bargained for, but any shortcomings in what was agreed to versus what was delivered is purely a matter of contract. I believe, therefore, that the theft count should be vacated.